## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-20-2100 |
| JUDGE ROBERT GREENBERG, GOVERNOR LARRY HOGAN, | * | |
| | * | |
| Respondents | | |

***************

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-20-2467 |
| WARDEN | * | |
| Respondents | * | |

***************

### MEMORANDUM OPINION

Pending before the Court are two separate Petitions for a Writ of Habeas Corpus filed by self-represented Petitioner Graham Harry Schiff.  Schiff is currently detained pretrial on stalking and harassment charges.  (Case No. 13380, Cir. Ct. Montgomery Cty.).  Schiff has previously filed two state petitions for Writ of Habeas Corpus in connection with this matter, both of which were denied by the Honorable Robert Greenberg, Administrative Judge for the Circuit Court for Montgomery County.  *See* http://casesearch.courts.state.md.us/casesearch (viewed September 24, 2020).  These denials are the subject of the two pending petitions before this Court.

In Case No. PX-20-2100, Schiff argues that the Circuit Court generally violated his constitutional rights by denying his state petitions.[1]  He further blames Governor Hogan for his predicament because Governor Hogan is responsible for allegedly "unconstitutional" state habeas statutes.  Schiff more particularly contends that Maryland Rules 15-302 and 15-303 are unconstitutional because they allow a state court to "arbitrarily suspend" a defendant's right to habeas corpus.  PX-20-2100, ECF No. 1 at 5.  He claims the rules collectively keep unrepresented petitioners in the dark and allow "renegade judges" to deny relief on "illegal technicalit[ies]."  Schiff further asserts that Judge Greenberg dislikes him.  *Id.* at 3-4.  Because Schiff challenges his pretrial confinement, the Court construes this petition to be one filed pursuant to 28 U.S.C. § 2241.  *See In re Wright*, 826 F.3d 774, 782 (2016) (noting § 2241 habeas relief is available to prisoners in pre-conviction custody).

As for the second petition, Case No. PX-20-2467, also construed as filed pursuant to 28 U.S.C. § 2241, Schiff challenges his pretrial detention.  He claims that he is being maliciously prosecuted by state officials in violation of his right to due process.  He asks this Court to issue a Writ of Habeas Corpus and to dismiss the case with prejudice.  PX-20-2467, Petition, ECF No. 1 at 1.

## II.  Discussion

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and has demonstrated that special circumstances justify

---

[1]  Schiff has filed numerous civil actions related to his state cases, pursuant to 42 U.S.C. § 1983.  *See e.g. Schiff v. Getty*, PX-19-2752; *Schiff v. Montgomery County Circuit Court*, PX-20-844; *Schiff v. Booth*, PX-20-902; *Schiff v. Kleinbord*, PX-20-953; *Schiff v. Montgomery County State's Attorney's Office*, PX-20-1010; *Schiff v. Montgomery County Police Department*, PX-20-1013; *Schiff v. Salant et al*, PX-20-1014; *Schiff v. Ferretti*, PX-20-1015; *Schiff v. Hogan*, PX-20-2320; *Schiff v. Warden*, PX -20-1144 (dismissing 28 U.S.C. § 2254 petition as time-barred).  None have been decided favorably to Schiff.  Further, Schiff's seriatim meritless filings have earned him "three strikes" pursuant to 28 U.S.C. § 1915(g).  Accordingly, Schiff may not file a new complaint seeking in forma pauperis status unless his claim makes plausible that he is in imminent danger of physical harm.  *See* PX-20-844; PX-20-902; PX-20-953.

intervention by a federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).

Exhaustion is established where both the operative facts and controlling legal principles of each

claim have been fairly presented to the state courts.  *See Baker v. Corcoran*, 220 F.3d 276, 289

(4th Cir. 2000) (citations omitted).  In the pretrial detention context, federal courts must abstain

from exercising jurisdiction over a claim that may be resolved through trial other state procedures

available for review of the claim.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-

90 (1973); *See also Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate

defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21

(2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because

constitutional right claimed would be violated if petitioner went to trial); *see also Younger v.*

*Harris*, 401 U.S. 37 (1971).

Schiff has put forward no grounds to justify habeas relief.  To be sure, he is not pleased

with the outcome of his state habeas petitions.  Nor is he happy with pretrial detention.  But his

bare allegations of unlawful confinement, without more, do not warrant this Court's intervention

in ongoing state criminal actions.  The claims must be dismissed without prejudice.

A separate Order follows.


_____9/29/20_____                        _____/S/_____
Date                                     Paula Xinis
                                         United States District Judge